UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAURICE CABRERA, DAVID STATON and
GREGORY OFFUTT

                              Plaintiffs         17-CV-6011

                                                    ***AMENDED*** COMPLAINT
                                                     JURY TRIAL DEMANDED
--Against--


CBS CORPORATION and
CBS TELEVISION STUDIOS
                                Defendants
------------------------------------------------------------------x

I.     **INTRODUCTION**

        1.     Plaintiffs, MAURICE CABRERA, DAVID STATON and GREGORY OFFUTT, by and through their attorneys, Law Offices of Ambrose Wotorson, bring this action to vindicate their civil rights. Plaintiffs contend that they were forced to resign and/or were terminated, in part, because they opposed and were reluctant to cooperate in efforts to suppress the rights of others who were prosecuting a class action FLSA claim in federal court. Further, defendants failed to compensate plaintiffs, who were non-exempt employees under the Fair Labor Standards Act.

1

II.     **JURISDICTION**

2.      This court has jurisdiction over this action under 29 U.S.C. Sections 215(a)(3), and venue is proper because the complained of activities occurred in this judicial district.

III.    **PARTIES**

3.      At all relevant times, plaintiffs were employees of defendants, CBS CORPORATION and CBS TELEVISION STUDIOS. Defendants' places of business are located at 52 West 52d Street, New York, New York and 7800 Beverley Boulevard, Los Angeles, California, and the volumes of business that each defendant conducts exceeds well over $500,000 a piece, annually. Further, at all relevant times, defendants set the hours for plaintiffs' employment, demanded that they adhere to company time and leave policies and, in fact, threatened to subject plaintiffs to discipline when they believed that plaintiffs had trammeled those policies.

4.      Plaintiffs were non-exempt employees who were required to fill-out time cards purporting to track their work hours and were required to periodically turn the same over to defendants' timekeeper and human resources managers. Further, defendants exercised considerable supervisory purview over plaintiffs through a company-wide employee handbook that plaintiffs were required to adhere to.  Plaintiffs, Maurice Cabrera (who lives

in Pennsylvania), David Staton and Gregory Offutt, (both of whom reside in New York), hereby sue in their individual capacities.

IV. **FACTUAL AVERMENTS**

5. At all relevant times, plaintiffs served as coordinating supervisors of a crew of parking production assistants who are neither incorporated, nor recognized as an independent business entity, but were employees of defendants, CBS CORPORATION and CBS TELEVISION STUDIOS.

6. On or about the fall of 2011, defendants hired plaintiffs to coordinate the supervision of a crew of parking production assistants who were hired simultaneously.

7. At the time of plaintiffs' hire, defendants had a policy of encouraging plaintiffs and parking production assistants to work more than 40 hours a week. These workers were not compensated for overtime, but worked unlimited hours per shift, and as many shifts that were necessary for them to work.

8. Plaintiffs were tasked to ensure that these parking production assistants showed up, and performed their specific duties for on each shift they were to work on.

9. Similarly, plaintiffs themselves regularly worked well in excess of 50 - 60 hours a week between 2011 and times in 2017, but were compensated at standardized rates, per shift, without any overtime compensation.

10. This method of compensation for plaintiffs and for the parking production assistants they were tasked to coordinate continued, until the parking production assistants formally complained in a federal lawsuit, about not being paid overtime for the large amount of hours they worked, well past 40 hours, each week.

11. Indeed, as aforementioned, those parking production assistants who formally complained in a federal lawsuit (*Hines, et al. v. CBS, et al., 15-cv-7882 (PGG)*, often worked well past 40 hours a week, without overtime compensation, and with defendant's full knowledge, imprimatur and encouragement. Indeed, defendants had a policy of paying per shift, rather than by hour.

12. These parking workers under plaintiffs' charge also sought unpaid overtime pay and liquidated damages through their federal lawsuit.

13. After these parking production assistants filed their lawsuit in federal court, but while that litigation was ongoing, defendants began to summarily change their polices to require the parking workers to work a

limited number of shifts and to substantially limit the amount of normal and overtime hours the parking production assistants were allowed to work.

14. The parking production assistants were also required, as per the new policies, to accurately fill out their own time cards, under the threat of not getting paid any time worked if they failed to do so.

15. Defendants tasked plaintiffs to ensure adherence to these new policies.

16. As a direct result these changed policies, new parking production assistants were employed to work at times that the veteran parking production assistants who had filed a lawsuit, were now administratively barred from working, inclusive of overtime.

17. This all negatively impacted the parking production assistants' pay.

18. Plaintiffs, complained to defendants in February, March and April 2017, about the negative financial impact that the new policies had on the workers under their charge who were good workers, and argued that the new policies did seemed punitive against the parking production assistants who were in the midst of prosecuting a FLSA lawsuit concerning their pay and overtime.

19. Defendants reasonably understood that plaintiffs were suggesting that defendants' new policies were retaliatory against the parking production assistants under the Fair Labor Standards Act under 29 U.S.C. Section (a)(3).

20. Defendants began to berate plaintiffs because the parking production assistants were allegedly not properly filing out their time sheets. Defendants also instructed plaintiffs to inform the parking production assistants that their paychecks would be withheld if they failed to timely and properly fill out times sheets.

21. Defendants also began to excessively question plaintiffs, impliedly threatening their terminations, if they did not actively defend against the parking production assistant's lawsuit and to be interviewed, excessively, by the Morgan Lewis lawyers defending the class actions styled as *Hines, et al. v. CBS, et al., 15-cv-7882 (PGG)*.

22. Further, as a result of defendants' determination to scale back normal working time and overtime while the parking production assistants' lawsuit was ongoing and to hire new employees to prevent veteran employees to doing overtime, the parking production assistants became irate, began to openly complain about the reduction in their paychecks, began to complain about being called less and less for work

and began to openly complain about being retaliated against because they were pursuing a lawsuit under the Fair Labor Standards in federal court styled as *Hines, et al. v. CBS, et al., 15-cv-7882 (PGG).*

23. Upon information and belief, defendants *did* undertake to retaliate against the parking production assistants because of their protected activities. Defendants did so by devising schemes and policies to have the parking production assistants work less and less hours. These are policies that were plaintiffs were forced to adhere to.

24. However, defendants' new policies also caused plaintiffs, who were forced to adhere to those new policies, to be subjected to false claims of retaliation by the parking workers, even though defendants were solely responsible for the parking production assistants' pay miseries.

25. In fact, several workers began to angrily blame plaintiffs for their substantially reduced hours and/or lack of work. Further, one or more parking production assistants began to threaten physical harm to plaintiffs due to their (the workers) mistaken belief that plaintiffs were directly responsible for their reduced hours and/or lack of work. Plaintiffs informed defendants of this extreme hostility and sought defendants' intervention to ameliorate such hostility towards them, but defendants failed

to intervene in any regard and allowed plaintiffs to continue to be subjected to a hostile work environment.

26.     Plaintiff, Maurice Cabrera, sought to assure one or more workers of their right to work, but attempted to get them to eschew any and all potentially threatening behavior to his person and livelihood.

27.     Cabrera was unsuccessful in attempting to extract any such promises.

28.     No reasonable person would be able to abide by, and to tolerate such hostility at work, which included threats from parking attendants who accused him of retaliating against them, job threats from management because he was reluctant to assist defendants to suppress the parking attendants' Fair Labor Standards Act lawsuit.

29.     Not surprisingly, in or about April 2017, plaintiff, Maurice Cabrera, resigned his position due to the excessive micro-management and questioning, termination threats, hostile work environment and reasonably perceived threats to his mental and physical well being.

30.     Yet, plaintiffs David Staton and Gregory Offutt remained employed, but continued to be subjected to extreme micro-management and questioning over time records of the parking production assistants who were involved in the lawsuits, and they continued to be subjected to extreme

hostility from those workers. Further, defendants continued to force these plaintiffs to defend against the parking assistants' meritorious FLSA claims filed in federal court styled as *Hines, et al. v. CBS, et al., 15-cv-7882 (PGG)*.

31. Plaintiffs David Staton and Gregory Offutt complained to defendants in late April 2017 about all of the hostilities visited upon them, openly expressed to defendants that they fully supported the workers' rights to be paid at reasonable rates, to be paid the overtime that they had not been paid, and that management's new policies seemed to be punishment against the parking production assistants because the workers had filed a FLSA lawsuit against defendants.

32. Defendants also reasonably understood that plaintiffs were suggesting that defendants' new policies were retaliatory against the parking production assistants under the Fair Labor Standards Act that the parking attendants had a filed their lawsuit styled as *Hines, et al. v. CBS, et al., 15-cv-7882 (PGG)*.

33. Not surprisingly on or about late May 30, 2017, plaintiff Gregory Offutt was told that he, David Staton and other workers whom he supervised, would not be allowed to return to work after a break between seasons.

34. When Offutt asked why he, Staton and the parking production assistants previously under his charge where not being retained, defendants' representatives told him that it was "…because of the parking production assistants' lawsuit and because of the [defendants'] lawyers' instructions".

35. Thus, upon information and belief, plaintiffs were terminated because of the parking production assistants' FLSA lawsuit styled as *Hines, et al. v. CBS, et al., 15-cv-7882 (PGG)*, because of plaintiffs' open support for the parking production assistants' lawsuit, because of their association with the parking production assistants and because of plaintiffs' expressed complaints to defendants that defendants' policy changes were retaliatory against the parking production assistants.

36. As a result of plaintiffs' termination and/or constructive discharge, plaintiffs have suffered, and will continue to suffer substantial financial losses and other damages.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION  -- Fair Labor Standards Act – Retaliation, Constructive Discharge and wrongful termination**

37. Plaintiffs hereby repeat and reallege each allegation contained in each numbered paragraph above.

38. Defendants, by retaliating against plaintiffs Gregory Offutt and David Staton by terminating their employments, and by forcing Maurice

Cabrera to resign, all because of plaintiffs' open support for the parking production assistants' lawsuit, because of their association with the parking production assistants, because of their refusal to participate in the suppression of the parking attendants lawsuit and because of plaintiffs' complaints to defendants in February, March and April 2017, that defendants' policy changes were retaliatory against the parking production assistants because they had filed a federal lawsuit concerning their pay and overtime, defendants, CBS CORPORATION and CBS TELEVISION STUDIOS, recklessly and willfully violated 29 U.S.C. Section 215 (a)(3).

**SECOND CAUSE OF ACTION – Fair Labor Standards Act – Failure to Compensate**

39. Plaintiffs hereby repeat and reallege each allegation contained in each numbered paragraph above.

40. Defendants, CBS CORPORATION and CBS TELEVISION STUDIOS, recklessly and willfully refused to compensate plaintiffs for work they were required to do in excess of 40 hours per week, even though plaintiffs held non-exempt positions.

41. Defendants' CBS CORPORATION and CBS TELEVISION STUDIOS, therefore recklessly and willfully violated 29 U.S.C. Section 207 (a)(1).

**WHEREFORE**, plaintiffs pray that this Court grant to them:

a. Trial by a jury;

b. Front-pay;

c. Back pay, including the value of lost wages and benefits up to the date of trial;

d. Damages, both compensatory and punitive, for the wrongs alleged herein;

e. Reasonable attorneys' fees and costs in prosecuting this action; and

f. Any equitable relief that the Court deems appropriate.

Dated:  New York, New York
            **December 18, 2017**

>                               Respectfully Submitted,
>                               Law Offices of Ambrose Wotorson
>                               By: ***Ambrose W. Wotorson, Jr.***
>                               225 Broadway, 41st Floor
>                               New York, New York 10007
>                               646-242-3227
>                               609-598-0567 (Cellular)
>                               Loaww1650@aol.com