Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
*Attorneys for Defendant CBS Television Studios, a division of CBS Studios Inc. and CBS Corporation*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAURICE CABRERA, DAVID STATON, AND GREGORY OFFUTT,** :  Plaintiffs, :  vs. :  **CBS CORPORATION AND CBS TELEVISION STUDIOS,** :  Defendants. : | Civil Action No. 17-cv-6011 (CM) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

MORGAN, LEWIS & BOCKIUS LLP

Blair J. Robinson
Christopher A. Parlo
Jason D. Burns
101 Park Avenue
New York, NY  10178

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ........................................................................................1
II. ARGUMENT .....................................................................................................................3
    A. Plaintiffs' Retaliation Claim Still Fails as a Matter of Law. ..................................3
        1. Plaintiffs Admit That CBS's Policies Do NOT Violate The FLSA. ...........3
        2. Plaintiffs Have Not Alleged Any Facts Showing That They Put CBS on Notice About Alleged Violations of the FLSA............................4
        3. Plaintiffs Fail to Plausibly Allege That They Were Subjected to an Adverse Employment Action Because They Engaged in Protected Activity. ......................................................................................................6
    B. Plaintiffs Still Fail to State a Plausible Claim for Unpaid Overtime......................8
    C. Plaintiffs' Claims Should Be Dismissed with Prejudice. ......................................8
III. CONCLUSION ..................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Davis v. J.P. Morgan Chase & Co.*,
  587 F.3d 529 (2d Cir. 2009) ................................................................................................... 3

*Dejesus, v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013) ..................................................................................................... 8

*Dunn v. Sederakis*,
  143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015) ........................................................................ 3, 5

*Greathouse v. JHS Sec. Inc.*,
  784 F.3d 105 (2d Cir. 2015) ................................................................................................... 4

*Hadid v. City of New York*,
  182 F. Supp. 3d 4, 12-13 (E.D.N.Y. 2016) ............................................................................. 3

*Herling v. New York City Dep't of Educ.*,
  No. 13-5287, 2014 WL 1621966 (E.D.N.Y. Apr. 23, 2014) .................................................. 6

*Kasten v. Saint-Gobain Performance Plastics Corp.*,
  563 U.S. 1 (2011) .................................................................................................................... 4

*Milanese v. Rust-Oleum Corp.*,
  244 F.3d 104 (2d Cir. 2001) ................................................................................................... 8

*Payne v. Malemathew*,
  No. 09-1634, 2011 WL 3043920 (S.D.N.Y. July 22, 2011).................................................... 7

*Seivright v. Montefiore Med. Ctr., Hosp. of Albert Einstein Coll. of Med.*,
  No. 11 Civ. 8934, 2014 WL 896744 (S.D.N.Y. Mar. 3, 2014) .............................................. 7

*Sydney v. Time Warner Entm't-Advance/Newhouse P'ship*,
  No. 13-286, 2017 WL 1167284 (N.D.N.Y. Mar. 28, 2017) ............................................... 3, 5

*Tillman v. Verizon New York, Inc.*,
  118 F. Supp. 3d 515, 534 (E.D.N.Y. 2015) ............................................................................ 7

**Statutes**

FLSA ............................................................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 4(m) ............................................................................................................... 1

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 7, 8

Fed. R. Civ. P. 15(a) ......................................................................................................................... 8

## I.     PRELIMINARY STATEMENT

Plaintiffs' Opposition does not address CBS's dispositive grounds for dismissing their FLSA overtime and retaliation claims. Instead, and despite having already once amended their Complaint, and despite the Court's pointed guidance at the parties' initial conference, Plaintiffs simply repeat the legal standards governing their claims and the same conclusory and vague allegations that led to the motion to dismiss in the first place. As a result, Plaintiffs still have not come close to curing, or explaining how they could cure, the deficiencies in their claims. Plaintiffs' Amended Complaint should, therefore, be dismissed in its entirety, with prejudice and without leave to amend.[1]

CBS's Motion to Dismiss (the "Motion") established three dispositive grounds for dismissing Plaintiffs' retaliation claim as a matter of law. First, Plaintiffs' alleged complaints that CBS's neutral policies reduced the hours of work and spread employment among a different group of Parking Production Assistants ("PPAs") cannot give rise to a retaliation claim because those policies are lawful under the FLSA. Plaintiffs do not meaningfully argue to the contrary. Plaintiffs even admit that CBS's policies ***"may not be retaliatory under [the] FLSA,"*** while weakly alleging that some (unspecified) policies are a "closer call." Opposition ("Opp.") at p. 13 (emphasis added). There is no "close call" here. Plaintiffs have failed to cite any authority to support their theory that alleged complaints about *undisputedly* lawful policies can form the basis of a claim for retaliation under the FLSA. As the Court explained during the parties' initial conference, the purpose of the FLSA is to encourage employers to reduce overtime hours and spread employment. Plaintiffs' supposed complaints about policies intended to do just that, and to ensure that all PPAs were paid appropriate wages for all hours worked, is not protected

---

[1] As CBS stated at the initial conference on January 5, 2017, Defendants have agreed to withdraw that part of their Motion to Dismiss based on Plaintiffs' failure to timely serve the Complaint under Rule 4(m) of the Federal Rules of Civil Procedure.

activity as a matter of law. For this reason alone, Plaintiffs' futile retaliation claim should be dismissed with prejudice.

Second, Plaintiffs' vague allegations were insufficient to put CBS on notice that they were complaining about rights protected by the FLSA. In response, Plaintiffs continue to fail to allege any factual detail as what exactly they complained about, who they complained to, and when they complained. Moreover, at *most*, Plaintiffs' alleged complaints about CBS's compensation and scheduling policies are precisely the type of generalized workplace matters that the Second Circuit and this Court have held are not protected activity.

Third, even if Plaintiffs plausibly alleged that they engaged in protected activity (they have not), their retaliation claim would still fail because they have not alleged that any materially adverse employment action occurred as a result. Plaintiffs' allegations that they were subject to "micro management," resigned (in the case of Plaintiff Cabrera), and were not hired for a new production season (in the case of Plaintiffs Staton and Offutt), do not meet this standard. Moreover, equally dispositive, Plaintiffs have not alleged any facts showing that these events occurred *because of* their alleged complaints about CBS's policies.

As to their overtime claim, Plaintiffs' only responsive argument is that they were "non-exempt" employees. However, that conclusory allegation is not nearly enough to save their claim. As explained in CBS's Motion, Plaintiffs' one-sentence allegation that they worked more than 40 hours during unspecified weeks between 2011 and 2017 does not state a plausible claim for unpaid overtime under *Iqbal/Twombly*.

For all of these reasons and the reasons set forth in CBS's opening brief, Plaintiffs' Amended Complaint should be dismissed in its entirety, with prejudice.

## II.     ARGUMENT

### A.     Plaintiffs' Retaliation Claim Still Fails as a Matter of Law.

#### 1.     *Plaintiffs Admit That CBS's Policies Do NOT Violate The FLSA*.

Plaintiffs' retaliation claims boil down to their belief that CBS implemented remedial timekeeping and scheduling policies in response to allegations of excessive work and unpaid overtime in the totally separate *Hines* lawsuit, and that these policies had an "adverse impact" on the PPAs' "bottom-line." Opp. at pp. 13-14. Even accepting as true Plaintiffs' allegation that these policies resulted in some PPAs receiving less compensation, they cannot give rise to a claim for retaliation because **they do not violate the FLSA**. *See e.g.*, *Sydney v. Time Warner Entm't-Advance/Newhouse P'ship*, No. 13-286, 2017 WL 1167284, at *8 (N.D.N.Y. Mar. 28, 2017) ("Although Plaintiffs need not complain that Defendant acted illegally, their complaints must be a 'clear articulation of facts *indicative of illegality.*'" (citing *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015)) (emphasis added). Plaintiffs concede that "***some of those changes . . . may not be retaliatory under FLSA***." Opp. at 13. Plaintiffs almost get it right: ***none*** of CBS's alleged policies—requiring that all PPAs accurately report their hours and limit their hours of work—is unlawful under the FLSA. As the Court acknowledged at the parties' initial conference, the FLSA's overtime requirements are intended to exactly what CBS implemented -- spread employment to new workers by decreasing the number of overtime hours worked by individual employees. *See Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 535 (2d Cir. 2009) ("The overtime requirements of the FLSA were meant to apply financial pressure to 'spread employment to avoid the extra wage…'"). According to Plaintiff's own allegations, CBS's policies in response to the *Hines* lawsuit did just that. No further amendment or discovery can change the fact that Plaintiffs' retaliation claim is based on policies that are lawful under the FLSA. As such, it should be dismissed with prejudice. *See, e.g.*, *Hadid v. City of New*

3

*York*, 182 F. Supp. 3d 4, 12-13 (E.D.N.Y. 2016) (denying leave to amend as futile where the factual predicate of plaintiff's claim could not, as a matter of law, give rise to a legal claim against defendant).

### 2. *Plaintiffs Have Not Alleged Any Facts Showing That They Put CBS on Notice About Alleged Violations of the FLSA*.

Because Plaintiffs made each of their alleged complaints verbally, their retaliation claim must meet the strict standards established in *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 117 (2d Cir. 2015). In *Greathouse*, the Second Circuit held that an FLSA retaliation claim based on an alleged oral complaint must be "'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Greathouse*, 784 F.3d at 107 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). Thus, to qualify as protected activity, oral complaints must be "made to employers in a context that makes the assertion of rights plain," and must include a "degree of formality." *Id.* at 115-16 (stating, "[i]t seems to us inconsistent with *Kasten* to elevate a grumble in the hallway about an employer's payroll practice to a complaint 'filed' with the employer within the meaning of section 215(a)(3)"). Plaintiffs' allegations do not meet this basic standard.

Plaintiff Cabrera does not identify *a single, specific instance* when he allegedly engaged in protected activity; rather, the Amended Complaint merely alleges that "plaintiffs" (without identifying which one(s)) complained on unspecified dates to unspecified CBS employees about the alleged "negative financial impact" on PPAs from CBS's timekeeping and scheduling policies. Plaintiffs have not cited a single case supporting their position that those allegations would have put CBS on notice that Cabrera (or Staton or Offutt) was complaining about a violation of the FLSA.

Plaintiffs Staton and Offutt fare no better.  Their allegation that they "expressed" to CBS that they "fully supported the [PPAs'] rights to be paid at reasonable rates, to be paid the overtime that they had not been paid, and that management's new policies seemed to be punishment against the parking production assistants" is not a "clear and detailed" expression of any right and is not protected activity.  As an initial matter, these opaque allegations are just a slight variation of their legally baseless claim that CBS's lawful policy to reduce overtime hours and spread work had a negative financial impact on some unidentified PPAs.  Moreover, Plaintiffs' naked insertion of the word "overtime" into the Amended Complaint does not transform their general comments about PPAs' compensation into complaints about a *violation* of the FLSA.  *See, e.g.*, *Sydney*, 2017 WL 1167284, at *8 (dismissing FLSA retaliation claim where employee complained on multiple occasions to his supervisor "about not being paid enough money and not being paid overtime":  complaints about "Defendant's pay structure do not assert a colorable violation of the FLSA and are thus not protected activity"); *Dunn*, 143 F. Supp. 3d at 113 (granting 12(b)(6) motion to dismiss FLSA retaliation claim after holding that employee's multiple oral complaints to supervisor and human resources about alleged unpaid "overtime" were insufficient to establish protected activity because, as here, there was "no basis for the listener to infer that [the employee's] opaque and unexplicated reference to 'overtime' was meant to claim a violation of the FLSA").  "At best, Plaintiffs' generalized oral references to 'overtime' might reasonably suggest to [CBS] that they were [complaints about] internal policy," which is not protected activity as a matter of law.  *Sydney*, 2017 WL 1167284, at *8.[2]

---

[2] Plaintiffs' allegations that they were "reluctan[t] to assist defendants in defending against the *Hines* class action," (Opp. at 14), and that Plaintiffs complained about "hostilities visited upon them by the parking attendants themselves" (*id.* at 15), is not protected activity for the simple reason that these allegations cannot reasonably be construed as complaints to CBS about violations of the FLSA.  *See, e.g.*, *Dunn*, 143 F. Supp. 3d at 113. As the Court stated during the

Accordingly, because Plaintiffs have not alleged clearly and with detail, and cannot plausibly allege, that they engaged in any protected activity, their retaliation claim should be dismissed with prejudice.

### 3. *Plaintiffs Fail to Plausibly Allege That They Were Subjected to an Adverse Employment Action Because They Engaged in Protected Activity.*

As established in CBS's moving papers, Plaintiffs' retaliation claim fails for the additional reason that Plaintiffs have not sufficiently alleged that they experienced an adverse employment action causally connected to any protected activity. As an initial matter, Plaintiffs' Opposition merely repeats their allegation that that they were subjected to "micro management, excessive questioning, [and] threats of termination" by unnamed CBS employees. Opp. at p. 18. As a matter of law, these allegations evidence neither materially adverse employment actions nor grounds for Plaintiff Cabrera's alleged "constructive discharge" claim. *See, e.g.*, *Herling v. New York City Dep't of Educ.*, No. 13-5287, 2014 WL 1621966, at *9 (E.D.N.Y. Apr. 23, 2014) ("Reprimands, threats of disciplinary action, and excessive scrutiny" do *not* constitute adverse employment action.").[3]

And while Plaintiff Cabrera admittedly resigned from CBS, there are no allegations in the Amended Complaint that plausibly show that the non-renewal of Plaintiff Staton's or Offutt's relationship with CBS was causally connected to their alleged complaints about lawful policies. First, neither Plaintiff Staton nor Offutt alleges that he was promised continued or guaranteed

---

initial conference, if Plaintiffs have any issue with these "hostilities" they should have sued the PPAs allegedly involved – and NOT CBS.

[3] Plaintiffs allege that CBS did not "intervene and help ameliorate the hostile work environment that plaintiffs were . . . subjected to" *by PPAs*. Opp. at 19. Other than Plaintiffs' bald allegation that they told CBS that they were subject to "hostility" by unidentified PPAs, Plaintiffs' once again fail to allege who at CBS they supposedly complained to, when they complained, and what Plaintiffs allegedly told CBS about this "hostility."

employment by CBS from one production season to the next. *See Tillman v. Verizon New York, Inc.*, 118 F. Supp. 3d 515, 534 (E.D.N.Y. 2015) (holding that the expiration of plaintiff's temporary employment cannot "legitimately constitute an adverse employment action for purposes of the federal discrimination law"). Second, they have not alleged who at CBS allegedly determined that they would not be hired for the next production season, let alone if that person (or persons) knew about Plaintiffs' alleged complaints. *See*, *e.g.*, *Seivright v. Montefiore Med. Ctr., Hosp. of Albert Einstein Coll. of Med.*, No. 11 Civ. 8934, 2014 WL 896744, at *11 (S.D.N.Y. Mar. 3, 2014) (dismissing retaliation claim where there was no evidence alleged decision-makers were aware of alleged protected activities).

Simply put, Plaintiffs allege no facts tying their alleged complaints about CBS's policies to any adverse employment action. *See Payne v. Malemathew*, No. 09-1634, 2011 WL 3043920, at *4 (S.D.N.Y. July 22, 2011) (dismissing retaliation claim for failure to state a claim under Rule 12(b)(6) where plaintiff "failed to provide any specifics regarding his complaint or any adverse action that followed, and . . . failed to provide facts sufficient to raise an inference that the adverse action was caused by retaliatory animus").[4]

Plaintiffs have failed to plausibly allege that they engaged in any protected activity, that they suffered any adverse employment action, or that there is any causal connection between the two. For each of these reasons, Plaintiffs' retaliation claims should be dismissed with prejudice as a matter of law.

---

[4] Plaintiffs allege that Plaintiff Offutt was told by an unnamed CBS employee that he and Plaintiff Staton would not be rehired "because of the parking production assistants' lawsuit and because of [CBS's] lawyers' instructions." Am. Compl. ¶ 34. Plaintiffs, however, do not allege that they have participated in the *Hines* action on behalf of those plaintiffs. In any event, even if true, Plaintiffs' cryptic allegation that they were terminated at the "instruction" of CBS's lawyers would only demonstrate that their alleged complaints about CBS's policies are *not* the reason for their separation from CBS.

### B. Plaintiffs Still Fail to State a Plausible Claim for Unpaid Overtime.

Plaintiffs' only argument in support of their overtime claim is that they are non-exempt employees. Opp. at 20-21. Even if that were so, and even if Plaintiffs had adequately pled sufficient facts to show that they are non-exempt, their overtime claim would still be subject to dismissal. Plaintiffs' overtime claim is limited to a single sentence in the Amended Complaint in which they allege that in some unidentified weeks over a period of six (6) years they "worked well in excess of 50-60 hours a week." Am. Compl. ¶ 9. As explained in CBS's moving papers, this imprecise, factually void allegation does not meet *Iqbal/Twombly*'s pleading requirements. *See e.g., Dejesus*, *v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (plaintiff's allegation that in "some or all weeks" she worked more than "forty hours" a week without being paid "1.5" times her rate of compensation was insufficient to state an overtime claim under the FLSA).

Accordingly, Plaintiffs' overtime claim should also be dismissed.

### C. Plaintiffs' Claims Should Be Dismissed with Prejudice.

Plaintiffs have sought to amend their Complaint for a second time. *See* Fed. R. Civ. 15(a). That request should be denied for all the reasons—which Plaintiffs have ignored—set forth in CBS's moving papers. Indeed, Plaintiffs have not even attempted to address CBS's argument that any amendment to their retaliation claim would be futile because Plaintiffs' alleged complaints about CBS's lawful policies cannot sustain a retaliation claim under the FLSA as a matter of law. *See, e.g.*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (amendment futile when the proposed amended complaint could not withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6)). In short, Plaintiffs have done nothing to show that they would or could address the existing defects in both their retaliation and overtime

claims, even if the Court were to grant them a third try to satisfy the *Iqbal/Twombly* standards. Accordingly, leave should not be granted.

## III. CONCLUSION

For all of the reasons set forth above and in Defendants' opening brief, Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint in its entirety, and with prejudice.

| | |
|---|---|
| Dated: New York, New York<br>January 18, 2018 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By:   */s/ Blair J. Robinson*<br><br>Blair J. Robinson<br>Christopher A. Parlo<br>Jason D. Burns<br><br>101 Park Avenue<br>New York, NY  10178<br>Tel: (212) 309-6000<br>Fax: (212) 309-6001<br>blair.robinson@morganlewis.com<br>jason.burns@morganlewis.com<br><br>*Attorneys for Defendants*<br>*CBS Television Studios, a division of CBS*<br>*Studios Inc. and CBS Corporation* |