**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
*Attorneys for Defendant CBS Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MAURICE CABRERA, DAVID STATON, AND GREGORY OFFUTT, : : : : | |
| Plaintiffs, : : | |
| vs. : : | Civil Action No. 17-cv-6011 (CM) |
| CBS CORPORATION AND CBS TELEVISION STUDIOS, : : : : | |
| Defendants. : : | |

**ANSWER AND DEFENSES OF DEFENDANT**
**CBS CORPORATION TO PLAINTIFFS'**
**FIRST AMENDED COMPLAINT**

Defendant CBS Corporation ("Defendant") by and through its attorneys Morgan, Lewis & Bockius LLP, hereby answers the First Amended Complaint (the "Complaint") filed by Plaintiffs Maurice Cabrera ("Cabrera"), David Staton ("Staton") and Gregory Offutt ("Offutt") (together, "Plaintiffs") in accordance with the numbered Paragraphs thereof as follows:

**INTRODUCTION[1]**

1. Defendant denies the allegations in Paragraph 1 of the Complaint, except to admit that Plaintiffs purport to assert a claim under the Fair Labor Standards Act ("FLSA").

---

[1] The headings included in this Answer are derived from the headings included in the Complaint.

1

## JURISDICTION

2. The allegations in Paragraph 2 of the Complaint are legal conclusions and, therefore, no response is required. To the extent a response is required, Defendant admits that Plaintiffs invoke the Court's jurisdiction under the statutes listed in Paragraph 2 of the Complaint, but denies that any events or omissions concerning Defendant took place that would entitle Plaintiffs to recover damages or any other relief.

3. Defendant admits that it has an office location at 51 West 52nd Street, New York, New York and that it exceeded over $500,000 in annual revenue during the relevant time period. Defendant denies the remaining allegations in Paragraph 3 of the Complaint, except to admit that, upon information and belief, Defendant CBS Television Studios, a division of CBS Studios Inc., exceeded over $500,000 in annual revenue during the relevant time period and has offices at 51 West 52nd Street, New York, New York.

4. Defendant admits, upon information and belief, that Plaintiff Cabrera resides in Pennsylvania and that Plaintiffs Staton and Offutt reside in New York. Except to admit that Plaintiffs purport to bring this action in their individual capacities, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies each and every allegation contained therein.

9. Defendant avers that Plaintiffs' alleged claims for unpaid overtime have been dismissed and otherwise denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that some PPAs have filed a lawsuit, *Hines, et al. v. CBS, et al.* 15-cv-7882(PGG) ("*Hines*"), alleging certain claims under the FLSA and the New York Labor Law ("NYLL"), but denies that it violated the FLSA or NYLL as alleged in the *Hines* action, and Defendant otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies each and every allegation contained therein.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding alleged communications by certain unnamed PPAs, and on that basis denies those allegations. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 related to Plaintiffs' alleged communications with certain unnamed PPAs, and on that basis denies those allegations. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 related to Plaintiffs' alleged communications with certain unnamed PPAs, and on that basis denies those allegations. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies each and every allegation contained therein.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 27 of the Complaint, and on that basis denies the allegation contained therein.

28. Defendant denies that Plaintiff Cabrera was subject to "job threats from management because he was reluctant to assist defendants to suppress the parking attendants' Fair Labor Standards Act lawsuit." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint, and on that basis denies each and every allegation contained therein.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – Fair Labor Standards Act – Retaliation, Constructive Discharge and wrongful termination

37. Defendant repeats and restates each of the above responses as if fully set forth herein.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

### SECOND CAUSE OF ACTION – Fair Labor Standards Act –Failure to Compensate

39. Defendant repeats and restates each of the above responses as if fully set forth herein and further avers that Plaintiffs' second cause of action for alleged unpaid overtime has been dismissed.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

Defendant denies the allegations set forth in the WHEREFORE clause of the Complaint, and further denies that Plaintiffs are entitled to any of the relief demanded therein or to any type of remedy, relief or damages whatsoever.

## JURY DEMAND

Defendant objects to Plaintiffs' demand for a trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies,

liquidated damages, or attorneys' fees or costs, as those remedies and damages are to be decided by the Court.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not specifically admitted herein.

## DEFENSES

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses.  Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations, including under 29 U.S.C. § 255(a).

## THIRD DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel, offset, and/or unclean hands.

## FOURTH DEFENSE

Defendant alleges that the claims of Plaintiffs fail because any actions of Defendant were taken in compliance with and/or as required by the laws of the United States.

## FIFTH DEFENSE

Plaintiffs' joinder of unrelated defendants into this single action is improper under Rule 20 of the Federal Rules of Civil Procedure, because, among other things, Plaintiffs' claims do not

arise out of the same transaction or occurrence or series of transactions or occurrences as required by the Federal Rules of Civil Procedure, and is prejudicial to Defendant.

## SIXTH DEFENSE

Plaintiffs' monetary claims, the existence of which are expressly denied, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## SEVENTH DEFENSE

Plaintiffs are not entitled to recover any liquidated, multiple, or punitive damages, and any allegations in support of a claim for liquidated, multiple, or punitive damages should be stricken because any award of liquidated, multiple, or punitive damages in this action would deny Defendant the due process of law.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

## NINTH DEFENSE

Plaintiffs' claims for damages must be offset in whole or in part by amounts already collected by Plaintiffs and/or owing to and damages suffered by Defendant.

## TENTH DEFENSE

If Plaintiffs are able to show a violation of the FLSA, which is denied, none of Defendant's acts or omissions constitute willful violation of the FLSA.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of accord and satisfaction.

**TWELFTH DEFENSE**

An award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution.

**THIRTEENTH DEFENSE**

The monetary claims of Plaintiffs may be barred in whole or in part because they have not appropriately nor adequately mitigated their alleged damages.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendant did not employ Plaintiffs and did not otherwise control the compensation, hours, or other terms and conditions of Plaintiffs' employment.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendant was not involved with any of the productions for which Plaintiffs served as Parking Coordinators.


Dated: New York, New York
      April 2, 2018

MORGAN, LEWIS & BOCKIUS LLP

By:   */s/ Jason D. Burns*

Jason D. Burns
Blair J. Robinson

101 Park Avenue
New York, NY  10178
Tel:  (212) 309-6000
Fax:  (212) 309-6001
Jason.burns@morganlewis.com
Blair.robinson@morganlewis.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 2, 2018, I caused to be served a true and correct copy of the foregoing, by ECF, on:

Ambrose Wotorson, Jr.
Law Offices of Ambrose Wotorson, P.C.
26 Court Street, Suite 1811
New York, NY 11242

*Attorneys for Plaintiffs*

    */s Jason D. Burns*
    Jason D. Burns